IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| JOSE VIDAL CARCAMO, | : | |
| Petitioner | : | |
| | : | No. 1:18-cv-1682 |
| v. | : | |
| | : | (Judge Rambo) |
| WARDEN CLAIR DOLL,[1] | : | |
| Respondent | : | |

## MEMORANDUM

Before the Court is Petitioner Jose Vidal Carcamo's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), challenging his detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). Carcamo requests that he either be released from custody or be accorded a bond hearing. (Doc. No. 1 at 19.) Following an Order to Show Cause (Doc. No. 3), Respondent filed a response, asserting that Carcamo is not entitled to a bond hearing and that his detention does not violate the Due Process Clause of the Fifth Amendment. (Doc. No. 7.) Carcamo has filed a traverse, arguing that he is entitled to a bond hearing because, contrary to Respondent's assertion, he is detained pursuant to 8 U.S.C. § 1226(c). (Doc. No. 8.) For the reasons set forth below, the

---

[1] When Carcamo filed this action, he was detained at the Pike County Correctional Facility and therefore named Warden Craig A. Lowe as the Respondent in this matter. However, because Carcamo is now detained at the York County Prison, the Court will direct the Clerk of Court to substitute Warden Clair Doll as the Respondent in this matter. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (noting that in a *habeas* challenge, "the proper respondent is the warden of the facility where the [individual] is being held").

1

Court will grant Carcamo's § 2241 Petition to the extent it seeks an individualized bond hearing before an immigration judge.

I. **BACKGROUND**

Carcamo is a citizen and national of Honduras who illegally entered the United States on an unknown date and at an unknown location. (Doc. No. 7-1, Ex. 1 at 1-2; Ex. 2. at 1.) On November 16, 2016, in the United States District Court for the Northern District of West Virginia, Carcamo was convicted of aiding and abetting the distribution of cocaine and was sentenced to thirteen (13) months of incarceration. (*Id.*, Ex. 1 at 2.)

ICE officials encountered Carcamo while he was incarcerated at the Moshannon Valley Correctional Institute in Philipsburg, Pennsylvania. (*Id.*) ICE placed Carcamo in administrative removal proceedings under 8 U.S.C. § 1228(b) and served Carcamo with a Notice of Intent to Issue a Final Administrative Removal Order on September 7, 2017. (*Id.*, Ex. 2 at 1.) Carcamo refused to sign the Notice. (*Id.* at 2.) On September 15, 2017, Carcamo was served with a Warrant for Arrest of Alien and placed into ICE custody. (*Id.*, Ex. 5.) That same day, Carcamo was issued a Notice of Custody Determination, wherein he waived review of his custody determination by an immigration judge. (*Id.*, Ex. 6.) Carcamo was served with the Final Administrative Removal Order ("FARO") on September 22, 2017. (*Id.*, Ex. 3

at 1.) The FARO stated that "this Administrative Order is deemed to be final." (*Id.* at 2.)

Subsequently, Carcamo raised a fear of returning to Honduras. (*Id.*, Ex. 7 at 1.) The asylum officer determined that his fear was not credible, and Carcamo requested review of this decision. (*Id.*) On November 29, 2017, his claim of fear of persecution or torture upon return to Honduras was referred to an immigration judge for further review. (*Id.*)

On February 9, 2018, DHS informed Carcamo that it was ready to proceed in immigration court and that it would object to any further continuances. (*Id.*, Ex. 8.) On May 10, 2018, the merits hearing on Carcamo's application for withholding of removal was rescheduled to August 21, 2018. (*Id.*, Ex. 9.) On July 17, 2018, Carcamo filed a motion to withdraw his attorney and proceed *pro se*. (*Id.*, Ex. 10.) On July 23, 2018, the immigration judge granted that motion and noted that the merits hearing would still go forward on August 21, 2018. (*Id.*, Ex. 11.)

On August 9, 2018, the merits hearing was rescheduled for September 6, 2018. (*Id.*, Ex. 12.) On September 6, 2018, the hearing was rescheduled for November 26, 2018. (*Id.*, Ex. 13.) That same day, the immigration judge entered a trial management order. (*Id.*, Ex. 14.) According to the automated immigration court's

3

information system,[2] the immigration judge denied Carcamo's application for relief on November 26, 2018. His appeal to the BIA, which was received on December 26, 2018, remains pending.

Carcamo seeks either release from confinement or a bond hearing, arguing that his detention for over eleven (11) months pursuant to 8 U.S.C. § 1226(c) violates due process. In support of his argument, Carcamo cites to the United States Court of Appeals for the Third Circuit's decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). Respondent contends that Carcamo is actually detained pursuant to 8 U.S.C. § 1231 because he is subject to a final order of removal and that his detention is constitutional. In his traverse, Carcamo disputes Respondent's assertion that he is detained pursuant to § 1231 and again insists that he is detained pursuant to § 1226(c).

## II. DISCUSSION

### A. Carcamo Is Detained Pursuant to § 1231, Not § 1226(c)

As noted above, the parties dispute the statutory authority for Carcamo's current detention by ICE. Carcamo insists that he is detained pursuant to § 1226(c), which applies to individuals pending a final order of removal and provides, in part,

---

[2] The phone number for this system is 1-800-898-7180. *See* https://www.justice.gov/eoir/customer-service-initiatives.

that the Attorney General is required to detain any noncitizen who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title." 8 U.S.C. § 1226(c)(1)(B). Respondent contends that Carcamo is actually detained pursuant to § 1231 because he is subject to a final order of removal. As discussed below, the Court agrees with Respondent.

An alien detained pursuant to a final order of removal is subject to the provisions outlined in § 1231. Under that section, "the Attorney General shall remove [an] alien [subject to an order of removal] from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following:

> **(i)** The date the order of removal becomes administratively final.
> **(ii)** If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> **(iii)** If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). "As the name suggests, a Final Administrative Removal Order is administratively final when issued because there is no BIA review of such an order—instead, an alien subject to such an order may seek immediate judicial review of the order under § 1252." *Mancera v. Kreitzman*, No. 16-CV-89, 2016 WL 1249600, at *3 (E.D. Wisc. Mar. 29, 2016); *see also Delgado-Rosero v. Warden, LaSalle Det. Ctr.*, No. 1:16-CV-01250, 2017 WL 2580509, at *2 (W.D. La. May 1, 2017), *Report and Recommendation adopted by* 2017 WL 2579250 (W.D. La. June

13, 2017); *Ramos-Lara v. Decker*, No. 3:CV-11-0782, at *4-5 (M.D. Pa. June 7, 2011), *Report and Recommendation adopted by* 2011 WL 2981319 (M.D. Pa. July 21, 2011); *Keita v. Sabol*, No. 1:CV-11-0248, 2011 WL 1375052, at *1 (M.D. Pa. Apr. 12, 2011). Here, therefore, Carcamo is subject to a final order of removal and is therefore detained pursuant to § 1231, not § 1226(c). Accordingly, to the extent Carcamo seeks a bond hearing to challenge his detention pursuant to § 1226(c), his § 2241 Petition must be denied as moot.[3] However, in light of Carcamo's *pro se* status and his continued detention, the Court will consider whether Carcamo is entitled to a bond hearing to review his continued detention under § 1231.

### B.     Carcamo Is Entitled to an Individualized Bond Hearing

During the 90-day removal period set forth in § 1231(a)(1)(A), "the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found . . . deportable under section 1227(a)(2)." Id. § 1231(a)(2). After the 90-day period has expired, the alien may be held in continued detention, or may be released under supervision. 8 U.S.C. § 1231(a)(3), (6). In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court concluded that § 1231 "limits an alien's post-removal-period detention to a period

---

[3] In any event, to the extent Carcamo seeks a bond hearing pursuant to the Third Circuit's decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), Respondent correctly points out that the Supreme Court's recent decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018), abrogated those decisions. *See Coello-Udiel v. Doll*, No. 3:17-CV-1414, 2018 WL 2198720, at *3 (M.D. Pa. May 14, 2018).

reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." *Id.* at 699. Thus, "[o]nce removal is no longer reasonably foreseeable, continued detention is longer authorized by statute." *Id.* To establish a uniform baseline, the Court noted that a period of six (6) months is a "presumptively reasonable period of detention." *Id.* at 701.

Here, Carcamo's 90-day removal period began to run on September 22, 2017, when the Final Administrative Removal Order was issued, because he did not seek judicial review of that order. *See Mancera*, 2016 WL 1249600, at *3. The 90-day period therefore expired on December 21, 2017. Carcamo has therefore been detained for over 15 months since the 90-day removal period expired.

Respondent recognizes that Carcamo's post-final-order detention is "in excess of 6 months," but asserts that Carcamo's release is not mandated under *Zadvydas*. (Doc. No. 7 at 20.) According to Respondent, Carcamo "has failed to meet his burden to show that 'there is no significant likelihood of removal in the reasonably foreseeable future.'" (*Id.* (citing *Zadvydas*, 533 U.S. at 701).) Specifically, Respondent contends that "Carcamo has not identified any particular barriers to his repatriation or any other reasons why his removal is unlikely." (*Id.* at 20-21.) Instead, Respondent indicates, "[t]he only bar to Carcamo's removal is the pending merits hearing with an immigration judge on the issue of whether he should be granted deferral of removal." (*Id.* at 21.) However, Respondent notes, even if

7

Carcamo is granted relief, "ICE will still be able to remove him—just not to Honduras." (*Id.*)

Respondent filed his response on September 24, 2018. Accordingly, he did not have the benefit of the Third Circuit's decision in *Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208 (3d Cir. 2018), issued two days later on September 26, 2018. In *Guerrero-Sanchez*, the Third Circuit found that "it *may* be the case that the Due Process Clause [of the Fifth Amendment] prohibits prolonged detention under § 1231(a)(6) without a bond hearing." *Id.* at 223. The Third Circuit thus "adopt[ed] a six-month rule here—that is, an alien detained under § 1231(a)(6) is generally entitled to a bond hearing after six months (*i.e.*, 180 days) of custody." *Id.* at 226. Such individuals are "entitled to a bond hearing before an immigration Judge and [are] entitled to be released from detention unless the government establishes that [they] pose[] a risk of flight or a danger to the community." *Id.* at 224 (quoting *Diouf v. Napolitano*, 634 F.3d 1081, 1092 (9th Cir. 2011)).

As noted above, Carcamo has been detained pursuant to § 1231 for over 15 months since the expiration of the 90-day removal period. Therefore, he is well beyond the six (6)-month period prescribed by the Third Circuit in *Guerrero-Sanchez* and should receive individualized bond consideration. This initial bond determination should be made by an immigration judge considering whether the Government can show, by clear and convincing evidence, that Carcamo either poses

a risk of flight or a danger to the community. *See id.* at 224 n.12. Moreover, while the Court has concluded that Carcamo is entitled to an individualized bond hearing, the Court takes no position on what the outcome of that hearing should be. Instead, the Court "leave[s] that assessment to the sound discretion of the Immigration Judge." *Lopez v. Doll*, No. 1:18-CV-1592, 2018 WL 4939447, at *4 (M.D. Pa. Oct. 4, 2018), *Report and Recommendation adopted by* 2018 WL 4928694 (M.D. Pa. Oct. 11, 2018).

## III. CONCLUSION

For the foregoing reasons, Carcamo's § 2241 Petition (Doc. No. 1) will be granted to the extent he seeks an individualized bond hearing before an immigration judge to review his continued detention under § 1231. An appropriate Order follows.

                                           s/Sylvia Rambo
                                           SYLVIA H. RAMBO
                                           United States District Judge

Dated: April 3, 2019